# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| CRST SPECIALIZED TRANSPORTATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO: 1:16-cv-00034-JTM-SLC |
| FIVE STAR LOGISTICS, LLC, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On January 27, 2016, Plaintiff CRST Specialized Transportation, Inc., filed a complaint against Defendant Five Star Logistics, LLC ("FSL"), alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites that Plaintiff is an Indiana corporation with its primary place of business in Indiana. (DE 1 ¶ 1). It further alleges "[u]pon information and belief," that the "members of FSL are not residents or citizens of Indiana." (DE 1 ¶ 3).

Plaintiff's allegations with respect to FSL's citizenship are inadequate for purposes of establishing diversity jurisdiction. "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Furthermore, a limited liability company's citizenship "for purposes of . . . diversity

jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity and citizenship of all of FSL's members to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of FSL, who are a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Plaintiff cannot, as it attempts to do here, simply allege a "naked declaration that there is diversity of citizenship" by asserting that "the members of FSL are not residents or citizens of Indiana." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Plaintiff is ORDERED to supplement the record by filing an amended complaint that properly alleges the citizenship of each of the parties on or before February 11, 2016.

SO ORDERED.

Enter for this 28th day of January 2016.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge