UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CRST SPECIALIZED TRANSPORTATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:16 CV 34 |
| FIVE STAR LOGISTICS, INC., | ) ) ) | |
| Defendant. | ) | |

**OPINION and ORDER**

I.   **BACKGROUND**

On January 27, 2016, plaintiff CRST Specialized Transportation, Inc. ("CRST") filed suit against defendant Five Star Logistics, LLC. (DE # 1.) The following day, CRST filed an amended complaint bringing claims against Five Star Logistics, Inc. ("FSL") for breach of contract, account stated, and *quantum meruit*. (DE # 7.) A summons returned executed by plaintiff indicates that FSL was served February 1, 2016. (DE # 10.) By rule, FSL had 21 days after service of the summons and complaint to file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date, FSL has not filed any responsive pleading or otherwise appeared in this case. At CRST's request, the Clerk entered FSL's default on March 10, 2016. (DE # 13.) CRST filed this motion for default judgment on April 15, 2016 (DE # 14), to which FSL has not responded. CRST seeks damages in the amount of $233,380.61 plus reasonable attorneys' fees and costs.[1] (DE # 23.)

---

[1] CRST originally requested $237,732.61 for damages, along with interest, in its amended complaint and its motion for default judgment. (DE ## 7, 14.) However, it has since amended its request in its most recent supplement to the motion for default judgment. (DE # 23 ¶¶7–8, 14.)

## II.	LEGAL STANDARD

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). "The grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court . . . ." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.,* 722 F.2d 1319, 1322 (7th Cir. 1983). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Id*. at 1323.

## III.	FACTS

Based on FSL's default, the court takes the allegations in the amended complaint as true. The affidavit of CRST's president, submitted with the motion for default judgment, further establishes the veracity of the allegations made in the amended complaint.

On or about May 2014, the parties reached an agreement in which CRST would provide specialized transportation services to FSL in exchange for payment from FSL. (DE # 7 ¶ 7.) When it required freight hauling services, FSL would call Customized Transportation Solutions ("CTS"), a sales agent, to order the services. (*Id*. ¶¶ 2, 8.) CTS would then alert CRST who would provide the freight hauling services. (*Id*. ¶ 8.) When CRST obtained a proof of delivery, it would send an invoice to FSL for payment. (*Id*.)

FSL never objected to any of these invoices or to any of the deliveries made by CRST. (*Id*. ¶¶ 10, 11.) However, FSL failed to pay a portion of the invoices. (*Id*. ¶ 18.) Therefore, from CRST's perspective, FSL has failed to perform its obligations under the

agreement. (*Id* ¶ 28.) CRST has also delivered statements to FSL indicating the remaining balance owed by FSL. (*Id.* ¶¶ 16, 32.) FSL never objected to those statements. (*Id.* ¶ 17.)

## IV. LEGAL CONCLUSIONS

### A. Jurisdiction

The court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is greater than $75,000.00. Venue is proper under 28 U.S.C. § 1391(b)(2). Personal jurisdiction is established over defendant due to defendant's minimum contacts with Indiana (the dealings with CRST).

### B. Breach of Contract

CRST first brings a breach of contract claim, alleging that FSL failed to perform its payment obligations pursuant to the parties' agreement. Under Indiana law,[2] the essential elements of a breach of contract action are: (1) the existence of a contract, (2) the defendant's breach thereof, and (3) damages. *Guardian Nat'l Acceptance Corp. v. Swartzlander Motors, Inc.*, 962 F. Supp. 1137, 1143 (N.D. Ind. 1997).

---

[2] Neither party has commented on which state's law should apply. Additionally, the portions of the written contract that were provided to the court do not contain a choice of law provision. Therefore, the court applies Indiana law because Indiana—as the primary place of business of CRST—has the most significant contacts to the subject matter of the litigation. *See Am. Family Mut. Ins. Co. v. Williams*, 839 F. Supp. 579, 582 (S.D. Ind. 1993) ("When a federal court hears a case in diversity . . . it applies the choice-of-law rules of the forum state . . . [and] in contract actions, Indiana's choice of law rules require that the law of the state with the most significant contacts to the subject matter of the litigation be applied.").

3

First, for an agreement to be considered a contract, three elements must be present: offer, acceptance, and consideration. *Straub v. B.M.T. by Todd*, 645 N.W.2d 587, 598 (Ind. 1994). The court finds that CRST has established the existence of a contract between CRST and FSL. Specifically, the amended complaint alleges that FSL offered to enter into contracts with CRST for freight hauling services when it sent requests through CTS for such services. (DE # 7 ¶ 20.) CRST accepted those offers by performing the requested services. (*Id.* ¶ 21.) Those services also served as consideration for promise of payment.

Second, FSL breached when it failed to pay for CRST's services. (DE # 7 ¶ 28.) Third, this breach and lack of payment caused CRST to suffer damages. (*Id.* ¶ 29.) Therefore, the court finds FSL liable to CRST on the breach of contract claim.

    C.    *Account Stated*

Alternatively, CRST brings an "account stated" claim. Under Indiana law, "an account stated is an agreement between the parties that all items of an account and balance are correct, together with a promise, expressed or implied[,] to pay the balance." *B.E.I., Inc. V. Newcomer Lumber & Supply Co., Inc.*, 745 N.E.2d 233, 236 (Ind. Ct. App. 2001). "It operates as a new contract without the need for renewed consideration, and the plaintiff does not need to plead and prove the creation and performance of each contract underlying the account." *Id.*

CRST alleges it sent FSL notice of its account balance on several occasions. (DE # 7 ¶ 32.) CRST contends that FSL "admitted to the debt owed to CRST and

4

promised to start making payments." (*Id.* ¶ 34.) Additionally, CRST alleges that FSL did not object to its notice. *Id.*; *see B.E.I., Inc.*, 745 N.E.2d at 237 ("An agreement that the balance is correct may be inferred from delivery of the statement and the account debtor's failure to object to the amount of the statement within a reasonable amount of time."). Therefore, the court finds FSL liable to CRST on the account stated claim.

D. *Quantum Meruit*

CRST also brings a claim in *quantum meruit*. However, CRST cannot recover under this theory because the court has found that it should recover under its contract. "[A] contract precludes application of *quantum meruit* because (1) a contract provides a remedy at law and (2) — as a remnant of chancery procedure — a plaintiff may not pursue an equitable remedy when there is a remedy at law." *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004). Accordingly, the court rejects CRST's contention that it should recover under a theory of *quantum meruit*.

V. **DAMAGES & FEES**

Even though the court found that CRST's claims were supported by its allegations when taken as true, those allegations are not sufficient to support an award for damages, without additional evidence. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). A default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

As evidence of the damages for breach of contract, CRST provides copies of all invoices that were issued to FSL but have not been paid in full. (DE # 23-1.) This unpaid balance totals to $233,380.61. (*See* DE # 23-2 at 18–20.) CRST's president confirms this amount in his affidavit and further asserts that this total accounts for all payments received from FSL. (*Id*. at 1–2.) The documentary evidence and detailed affidavits provided by CRST support damages in the amount of $233,380.61. Therefore, the court awards those damages to CRST.

CRST also requests attorneys' fees and expenses as part of this default judgment. CRST asserts it is entitled to these fees and expenses, pursuant to Section 3 of CRST's terms and conditions.[3] (DE # 14 ¶ 15.) According to these terms, the "shipper" would be liable for any "costs of collection including *reasonable* legal costs and attorneys' fees." (DE # 7-1 (emphasis added).) A district court generally has wide discretion in determining a reasonable attorneys' fee award. *Moriarty v. Svec*, 233 F.3d 955, 963 (7th Cir. 2000).

Along with its motion for default judgment, CRST's counsel has submitted a detailed billing statement establishing reasonable attorneys' fees and costs in the amount of $8,785.50 for the actions taken by the attorneys through the filing of its default judgment motion. (DE ## 14, 16, 17.) That amount includes costs of $400.00 on filing fees and $28.00 on service of the summons and complaint. (DE # 16.) CRST also

---

[3] Each time CRST provided freight hauling services, it sent these terms and conditions to FSL along with the bills of lading and invoices. (DE # 7 ¶¶ 8, 12, 13.)

requests additional attorneys' fees in the amount of $416.00 for time spent supplementing the default judgment motion, after it was first filed. (*Id.*) However, the court finds that those additional hours were not "reasonably expended" because the additional work would not have been necessary had the motion for default judgment been adequately supported at the time of its initial filing. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'") Accordingly, the court awards plaintiff $8,785.50 in attorneys' fees and costs.

## VI. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment (DE # 14) is **GRANTED.** The Clerk is directed to **ENTER FINAL JUDGMENT** in this case in favor of plaintiff CRST Specialized Transportation, Inc., and against defendant Five Star Logistics, Inc., in the amount of $242,166.11.

                                          **SO ORDERED.**

Date: March 6, 2017

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT